## Case· No. 7,882.

### KNIGHT v. BALTIMORE & O. R. CO.

[Taney, 106; 3 Fish. Pat. Cas. 1; [1] Merw. Pat. Inv. 311.]

Circuit Court, D. Maryland. Nov. Term, 1840.

PATENTS — PRIMA FACIE RIGHT OF PATENTEE — USEFUL—OF VALUE —CORRECTED PATENT—REISSUE.

1. A patent is primâ facie evidence that the patentee is the inventor of the improvement described, and casts on persons infringing ·it, the burden of proving that such improvement was not the invention of the patentee, or that it was in public use before he applied for a patent.
[Cited in Milligan & Higgins Glue Co. v. Upton, Case No. 9,607; Alcott v. Young, Id. 149.]

2. The patentee cannot recover damages for the infringement of his patent, unless the jury find his improvement to be useful, and of some value.

3. The original patent may be surrendered, and a corrected one taken out, for the purpose of giving a more perfect description of the invention intended to be claimed in the original patent, or for the purpose of narrowing the claim, so as to leave out parts of the machinery claimed as new in the first patent. and afterwards found to be the invention of others: provided, the error arose from inadvertence or mistake, and was attempted to be corrected within a reasonable time after its discovery.

4. The improvement intended to be described in the re-issued patent must. in principle and mode of operation. be substantially the same with the one intended to be described in the original patent.
[Cited in Giant Powder Co. v. California Powder Works. Case No. 5,379; Kane v. Huggins Cracker & Candy Co., 44 Fed. 290.]

5. It is not necessary to include, in the re-issued patent, all of the improvements claimed by the patentee. and to which he may have been actually entitled under the original patent.
[Cited in McWilliams Manuf'g Co. v. Blundell, 11 Fed. 420.]

[This was an' action on the case tried by Chief Justice Taney and a jury, to recover damages for the infringement of letters patent for an "improvement in railroad cars" granted to plaintiff [Isaac Knight], March 18, 1829, reissued July 10, 1834, and again reissued April 28, 1836. The invention was for the purpose of obviating the friction caused by the lateral thrust of the axles of railroad carriages against the shoulders of the journals, by receiving such thrust against the extremity of the journals, which were turned spherically, and bore against a plate of iron, placed on the frame of the carriage for that purpose.] [2]

J. Meredith, John Nelson, and C. F. Mayer, for plaintiff.
R. Johnson and J. H. .B. Latrobe, for defendant.

[1] [Reported by James Mason Campbell, Esq., and by Samuel S. Fisher, Esq.. and here compiled and reprinted by permission. The syllabus and opinion are from Taney, 106. and the statement is from 3 Fish. Pat. Cas. 1.]
[2] [From 3 Fish. Pat. Cas. 1.]

TANEY, Circuit Justice. 1. In the patent of 1829, the plaintiff claims to have invented improvements, consisting of (1st) the application of friction wheels or rollers to the axles of railway carriages; (2d) in the mode of applying them; and (3d) in the construction of the body and other parts of the carriage; and he claims, as new, the combination described in each of these three improvements, as well as the combination of the whole machine.

2. The improvement which is described in the specification, in the following words, is claimed as new: "And in order to get rid of the lateral friction, caused by the collars or shoulders of the axles, the ends of all the axles to be reduced to a point, and plates of steel so fixed, either in a frame, or on the sides of the carriage, as that the ends of the axles would work at a point against those plates; by which arrangement we avoid nearly all the friction occasioned by collars in the common way, and perhaps, some of that produced by the flanges of the road-wheels against the side of the rails; and in order to enable this improvement to be applied to the curvatures of the road, there must be left sufficient room for the main axles to play within these collars, and also between the small rollers."

The patent is prima facie evidence that the plaintiff was the inventor of the improvement therein described, and casts on the defendants the burden of proving that such improvement was not the invention of the plaintiff, or that it was in public use before he applied for a patent. But the plaintiff is not entitled to recover, unless the jury find his improvement to be useful, and of some value.

3. The plaintiff, at the time of his application for the patent of 1834, had a right to surrender the patent of 1829, and take out a corrected one, if the said patent was invalid, either by reason of the defective description of the improvement, or by reason of his having claimed, as new, more than he was entitled to; provided, the error had arisen from inadvertence or mistake, and the plaintiff proceeded to correct it within a reasonable time after it was discovered.

4. The plaintiff was not entitled to the patent of 1834, except for the purpose of giving a more perfect description of the invention intended to be claimed by him in the patent of 1829, or of narrowing his claim, so as to leave out parts of the machinery claimed as new in the first patent, and which he afterwards found to be the invention of others; and the plaintiff cannot recover in this suit, if the end-bearing (for the purpose of destroying the lateral thrust) intended to be described in the patent of 1834, is not, in principle and mode of operation, substantially the same improvement with the one intended to be described in the patent of 1829. But the plaintiff was not bound to include in the patent of 1834, all of the im-

provements, which he claimed, and to which he may have been actually entitled under the patent of 1829.

5. The patent of 1829 having been cancelled, when that of 1834 was granted, the subsequent patent of 1836, upon which this suit is brought, is not valid, unless the improvement described in it is, in its principle and mode of operation, the same with that intended to be described in the patent of 1834, differing from it only in giving a more perfect description of the improvement intended to be secured by that patent, or in rejecting something before included as new, which was found to be old. The plaintiff was not entitled, in the patent of 1836, to enlarge, change or modify the improvement intended to be patented by the patent of 1834.

6. The plaintiff is not entitled to recover, unless he is the original inventor of the improvement described in the patent of 1836, and unless that improvement is the same, in principle and mode of operation, with the one intended to be described in the patents of 1834 and 1829; nor was he entitled to surrender the patents of 1829 and 1834, in the manner above-mentioned, unless the errors of each of them arose from inadvertence, accident or mistake, nor unless he proceeded to correct such error within a reasonable time after he discovered it. But the patent of 1834 is prima facie evidence that the patent of 1829 was lawfully surrendered, and the new one granted; and so also, the patent of 1836 is prima facie evidence that the patent of 1834 was lawfully surrendered, and that of 1836 lawfully granted.

7. The public use of end-bearings, for the purpose of transferring friction from the shoulders to the ends of axles, in a cotton-mill or other stationary machinery, before the patent of 1829, as described in the testimony, will not render the plaintiff's patent void, provided the jury find that he was the original inventor of the combination he claims, in relation to railway carriages, and that his invention is useful in the transportation of burdens and passengers on railways. But if, before his first patent was obtained, the same principle, in the same combination, which he describes as his improvement, was in public use, in ordinary carriages, upon common roads, the plaintiff was not entitled to a patent for applying the same thing to railway carriages, unless the improvement he claims contain something new and material, either in principle, in combination, or in the mode of operation, in order to adapt it to its new use.

8. The defendants are not liable to this action, unless they have used the plaintiff's invention, or one substantially the same in principle and mode of operation, since the date of the patent on which this suit is brought; and if the jury find for the plaintiff, he is entitled to damages for the use of his invention, from that time until the com-

mencement of this suit, but he is not entitled to damages for any use which the defendants may have made of this invention, before the date of the patent of 1836.

Verdict and judgment for the plaintiff for $5,000.